UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JEROME NOBLE,

                Plaintiff,                                          23 CV 2650 (RPK)(LB)

    -against-

C. CARTER, Warden; SANTIAGO, Assistant
Deputy Warden; G. BATCHELOR, Captain;
T. MORALES, Deputy Warden; S. CHESTER,
Deputy Warden; and T. BANKS, Deputy Warden,

                Defendants.
-----------------------------------------------------------------X
JEROME NOBLE,

                Plaintiff,                                          24 CV 637 (RPK)(LB)

    -against-

CARTER, Acting Deputy; SANTIAGO, Assistant
Deputy Warden; BATCHELOR, Captain; and
CHESTER, Deputy Warden; BANKS, Deputy Warden;
MORALES, Deputy Warden;

                Defendants.
-----------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

## REPORT & RECOMMENDATION

        In these consolidated civil rights actions, *pro se* plaintiff alleges that while he was a pretrial detainee on Rikers Island, defendants violated his constitutional rights by denying him access to the South Side Law Library in August 2022, and again in January and February 2023. Defendants move to dismiss the consolidated actions pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The Honorable Rachel Kovner referred defendants' motion to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the reasons set forth

1

below, it is respectfully recommended that defendants' motion should be granted, and plaintiff's complaints should be dismissed.

## BACKGROUND

For the purposes of defendants' motion to dismiss, all well-pleaded allegations in plaintiff's complaints[1] are taken as true and all inferences are drawn in his favor.

Plaintiff brings these consolidated actions under 42 U.S.C. § 1983 alleging that while he was a pretrial detainee on Rikers Island in the custody of the New York City Department of Correction (DOC), he was unable to access the South Side Law Library at the Anna M. Kross Center due to early closures on 42 days in August 2022, January 2023, and February 2023.[2] See 23-CV-2650, ECF No. 1. Plaintiff names six DOC employees as defendants: Warden Carter; Deputy Wardens Bank, Chester, and Morales; Assistant Deputy Warden Santiago; and Captain Batchelor.[3]

Plaintiff alleges that on August 6, 13, and 20, 2022, and from January 10 - 31 and February 1-17, 2023,[4] the South Side Law Library closed early at 2:00 p.m. "due to staffing issues." Id. at

---

[1] The Court also considered allegations in the "appendix" to plaintiff's complaint in 24-CV-637, ECF No. 6, as well as plaintiff's exhibits that contained documents plaintiff relied on or incorporated by reference in his complaints. See Nicosia v. Amazon.com, Inc., 834 F.3d 220, 230 (2d Cir. 2016) ("A complaint is deemed to include any written instrument attached to it as an exhibit or . . . documents incorporated in it by reference.") (citation and quotation omitted).

[2] Plaintiff's complaint in 23-CV-2650 utilizes a form complaint that is nearly identical to five other complaints filed contemporaneously in this Court by plaintiffs alleging lack of law library access at the Anna M. Kross Center on Rikers Island. See Austin v. Warden Carter et al, 23-CV-1805; Lane v. Warden Carter et al, 23-CV-1806; Lee v. Warden Carter et al, 23-CV-1807; Ortiz v. Warden Carter et al, 23-CV-1808; Thompson v. Warden Carter C et al., 23-CV-5234.

[3] Plaintiff's form complaint in 23-CV-2650 also lists the New York City Department of Correction (DOC) as a defendant in the caption. ECF No. 1 at 1. Plaintiff does not list the DOC as a defendant in the body of his complaint, but rather, identifies the DOC as the individual defendants' employer. ECF No. 1 at 2-4. As the DOC is not an entity that can be sued under 42 U.S.C. § 1983, I recommend that the Court should dismiss the complaint against the DOC. See Adams v. Galletta, 966 F.Supp. 210, 212 (E.D.N.Y.1996) ("[W]here a plaintiff has named the Department of Corrections as a defendant, he has sued a non-suable entity.").

[4] Plaintiff's complaint in 24-CV-637 lists March 2020 - April 21, 2023 as the "dat(e)s of occurrence" of the alleged constitutional violations. ECF No. 1 at 4. In the notice of claim attached to that complaint, plaintiff states that DOC staff failed to produce plaintiff to the law library "between the months [of] March 2020 - April 2023." 24-CV-637, ECF No. 6 at 10. Other than the 42 days alleged in 23-CV-2650, plaintiff does not specify other dates he was denied access to the law library.

5-6. On these dates, plaintiff's requests to visit the law library were denied, and he was unable to "use the Kiosk" or "research, view discovery, or type a motion." Id. at 6. As a result, plaintiff was "unable to properly prepare" for his court case and experienced mental anguish. Id. Plaintiff alleges that he filed a grievance with the DOC on January 10, 2023 that went unanswered, and that he brought an Article 78 proceeding in state court. Id. at 8-9.

Plaintiff alleges that as a result of his lack of access to the law library, he was "forced to accept a plea" that he would not have taken "had [he] been permitted to adequately prepare for [his] defense and view [his] discovery" to "make a thoughtful decision on whether or not [he] wanted a plea." 24-CV-637, ECF No. 1 at 4. Plaintiff states that without access to the law library, he was unable to "study and decipher" the "legal jargon" in his criminal case and understand the terms "with accuracy and intelligence." Id. at 3-5. Plaintiff pled guilty "out of desperation, ignorance, and fear of a lengthy prison sentence." 24-CV-637, ECF No. 6 at 3. Plaintiff was also "subjected to contracting the deadly Covid-19 virus" twice, and his family was "subjected . . . to wasting funds on commissary, lawyers, and various other expenses." 24-CV-637, ECF No. 1 at 5; ECF No. 6 at 4. Plaintiff's guilty plea and five-year sentence "caused numerous problems" in his home life and strained his relationship with his children and wife. ECF No. 6 at 3, 4. Plaintiff seeks $200,000 in "treble and punitive" damages. 23-CV-2650, ECF No. 1 at 6.

## PROCEDURAL HISTORY

### I.  23-CV-2650

Plaintiff filed the first action, 23-CV-2650, and moved for leave to proceed *in forma pauperis* in March 2023.[5] ECF Nos. 1, 3. The Court granted plaintiff's application to proceed *in*

---

[5] The Court issued a deficiency notice, as plaintiff did not submit a signed Prisoner Authorization form as required by the Prison Litigation Reform Act. ECF No. 2; see also ECF Order dated April 28, 2023. Plaintiff returned the signed Prisoner Authorization form on April 28, 2023. ECF No. 5.

*forma pauperis* and directed the United States Marshals Service to serve defendants with the summonses and complaint.[6] ECF No. 6.

The Court directed all defendants to respond to the complaint by July 21, 2023 and scheduled an initial conference for August 16, 2023. ECF No. 15. Defendants then requested a briefing schedule for their anticipated motion to dismiss. ECF No. 16. The Court set a briefing schedule but held the initial conference as scheduled. See ECF Order dated August 8, 2023.

At the initial conference, the Court advised plaintiff that to establish a civil rights violation based on a denial of access to the courts, plaintiff must allege that he suffered an actual injury. Lewis v. Casey, 518 U.S. 343, 351 (1996). The Court warned plaintiff that his complaint contained only conclusory allegations regarding his injuries. The Court stayed the briefing schedule for defendants' anticipated motion to dismiss and granted plaintiff leave to amend his complaint by October 5, 2023. See Gomez v. USAA Federal Sav. Bank, 171 F.3d 794 (2d Cir. 1999) (explaining that a *pro se* plaintiff should generally be afforded an opportunity to amend a complaint prior to its dismissal for failure to state a claim). The Court's Order granting plaintiff leave to amend directed plaintiff to specify the actual injuries he suffered as a result of the law library closures, as well as what each defendant did or failed to do that violated his rights.[7] ECF No. 19.

Plaintiff did not amend his complaint. The Court set a revised briefing schedule for defendants' proposed motion to dismiss. See ECF Order dated October 25, 2023. Plaintiff did not

---

[6] On June 2, 2023, the summonses were returned unexecuted for defendants Santiago and Banks, with notations that the process server was "unable to locate" defendants at the service address plaintiff provided. ECF No. 9. The Court noted that these defendants had been successfully served at that address in Lane v. Warden Carter et al, 23-CV-1608(RPK)(LB) and directed the Office of Corporation Counsel to either accept service of process or provide service addresses for them. ECF No. 10. In response, Corporation Counsel provided the Court with the same service address that led to the summonses being returned unexecuted. ECF No. 14. The Court therefore deemed that defendants Santiago and Banks had been served. ECF No. 15.

[7] The Court sent plaintiff the Supreme Court's decision in Lewis v. Casey, 518 U.S. 343 (1996) and the Court's *pro se* manual.

4

oppose defendants' motion.[8] Nevertheless, the Court *sua sponte* granted him a *nunc pro tunc* extension of time to do so. See ECF Order dated January 4, 2024. Plaintiff never responded to defendants' motion, and the Court deemed the motion, ECF No. 20, fully briefed. See ECF Order dated January 25, 2024. The motion was referred to me for a Report and Recommendation.

**II.     24-CV-637**

Plaintiff filed the second action, 24-CV-637, in the United States District Court for the Southern District of New York and moved for leave to proceed *in forma pauperis* in December 2023.[9] ECF Nos. 1, 2, 6. The Southern District of New York transferred the action to this Court in January 2024. ECF No. 7.

Plaintiff's second action raised claims related to his access to the law library at the Anna M. Kross Center and named the same defendants as those in 23-CV-2650. On February 1, 2024, the Court directed the parties to show cause why plaintiff's two actions should not be consolidated. 23-CV-2650, ECF No. 24; 24-CV-637, ECF No. 10.  The Court noted that although plaintiff failed to amend his complaint in 23-CV-2650, the complaint in 24-CV-637 could be considered with that complaint. Plaintiff's second action alleges that defendants' denial of plaintiff's "request[] to attend law library . . . a program afforded to detainees fighting their cases to view discovery, look up law cases, procedures, and judgement [sic] and/or orders . . . forced me to accept a plea deal I wouldn't have taken had I been permitted to adequately prepare for my defense and . . . make a thoughtful decision on whether or not I wanted a plea." 24-CV-637, ECF No. 1. Plaintiff did not

---

[8] The Court's Orders were mailed to plaintiff at the address he provided to the Court.
[9] Plaintiff also filed a third action—a petition for a writ of *habeas corpus*—in the Southern District of New York. See Noble v. Warden John/Jane Doe, 24-CV-633(RPK)(LB). Plaintiff did not sign or date the petition or his application to proceed *in forma pauperis*. The Southern District of New York directed him to sign his documents and transferred the action to this Court. ECF No. 5. When plaintiff failed to comply with the Southern District's Order, this Court granted plaintiff a *sua sponte* extension of time to sign and date his petition and IFP application. See ECF Order dated March 25, 2024. Plaintiff did not file a signed petition or IFP application, and the petition was dismissed. See ECF Order dated May 2, 2024.

respond to the Order to show cause. Defendants did not oppose consolidation. 23-CV-2650, ECF No. 25 at 1.

The Court consolidated plaintiff's two actions and set a briefing schedule for defendants to supplement their motion to dismiss in light of plaintiff's pleadings in 24-CV-637. 23-CV-2650, ECF No. 26. Defendants filed a revised motion to dismiss on April 20, 2024. ECF No. 32. Despite being given more time, plaintiff never opposed defendants' revised motion.

## DISCUSSION

### I.  Standard of review

A court reviewing a motion to dismiss must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007); Koppel v. 4987 Corp., 167 F.3d 125, 130 (2d Cir. 1999). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss, plaintiff must do more than allege facts that are "merely consistent with" a defendant's liability or "speculative," Twombly, 550 U.S. at 555–56; they must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556). If a plaintiff does not "nudge[] [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." Twombly, 550 U.S. at 570.

Nevertheless, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal citation omitted)); see also Bertin v. United States, 478

6

F.3d 489, 491 (2d Cir. 2007) ("We liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions 'to raise the strongest arguments they suggest.'") (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994) (internal citation omitted)).

Defendants move to dismiss plaintiff's complaints for failure to state a claim, on the grounds that: (1) plaintiff does not plausibly allege that defendants violated his right of access to the courts; (2) plaintiff does not allege defendants' personal involvement; (3) violations of agency-created policies do not give rise to constitutional violations; (4) the Department of Correction is a non-suable entity; and (5) plaintiff fails to allege a state law negligence claim against defendants. Defendants' motion to dismiss should be granted for the reasons discussed below.

## I. Access to the courts

"Prisoners, including pretrial detainees, 'have a constitutional right of access to the courts.'"[10] Bourdon v. Loughren, 386 F.3d 88, 92 (2d Cir. 2004) (quoting Bounds v. Smith, 430 U.S. 817, 821 (1977)). The right of access to the courts "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. (quoting Bounds, 430 U.S. at 828). But the right of access to the courts does not give rise to an "abstract, freestanding right to a law library or legal assistance." Lewis v. Casey, 518 U.S. 343, 351 (1996). "Because law libraries and legal assistance programs do not represent constitutional rights in and of themselves, but only the means to ensure 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts,' prisoners must demonstrate 'actual injury' in order to have standing." Benjamin v. Fraser, 264 F.3d 175, 185 (2d Cir. 2001) (quoting Lewis, 518 U.S.

---

[10] The basis for this right is "unsettled." Bourdon v. Loughren, 386 F. 3d 88, n.1 (quoting Christopher v. Harbury, 536 U.S. 403, 415 (2002)). "[T]he source of this right has been variously located in the First Amendment right to petition for redress, the Privileges and Immunities Clause of Article IV, section 2, and the Due Process Clauses of the Fifth and Fourteenth Amendments." Monsky v. Moraghan, 127 F.3d 243, 246 (2d Cir. 1997).

at 351). A plaintiff cannot show actual injury "simply by establishing that his prison's law library . . . is subpar in some theoretical sense." Lewis, 518 U.S. at 351. Instead, a plaintiff must "demonstrate that the alleged shortcomings in the library . . . hindered his efforts to pursue a legal claim" that is nonfrivolous. Lewis, 518 U.S. at 351, 353; see also Kaminski v. Semple, 796 F. App'x 36, 39 (2d Cir. 2019) ("To state a denial-of-access-to-the-courts claim, a prisoner must show that: (1) he suffered an actual injury, (2) to a non-frivolous legal claim, (3) concerning his criminal conviction, habeas corpus petition, or conditions of confinement.") (internal quotations and citations omitted). "Actual injuries include the dismissal of a complaint for a technical deficiency that would have been cured with appropriate legal facilities, or that a prisoner was 'stymied' from bringing an arguably actionable claim by the 'inadequacies of the law library.'" Kaminski, 796 F. App'x at 39 (quoting Lewis, 518 U.S. at 351).

Plaintiff does not allege that he sustained an actual injury stemming from the closures of the South Side Law Library. First, plaintiff does not identify a specific legal claim or defense that he was unable to pursue due to the law library closures. Plaintiff's vague statements that he was unable to "research, view discovery, or type a motion" and that he was unprepared for his court case as a result do not demonstrate an actual injury to a nonfrivolous legal claim. 23-CV-2650, ECF No. 1 at 6; see Speaks v. Saeed, No. 14-CV-6826, 2022 WL 541767, at *6 (E.D.N.Y. Feb. 23, 2022) (finding that a "'[d]eprivation of knowledge of law, los[s] of filing timely and accurate motions, [and] los[s] of raising relevant and timely arguments'" are insufficient to plausibly plead an actual injury). Plaintiff does not allege "which specific, nonfrivolous legal challenges were affected by the named defendants' actions; which particular deadlines, if any, he missed due to such actions; or what specific documents, such as motions or pleadings, he was prevented from filing." Gunn v. McNeil, No. 19-CV-11821, 2020 WL 7647422, at *5 (S.D.N.Y. Dec. 23, 2020);

8

see also Pena-Sanchez v. New York City, No. 22-CV-4942, 2022 WL 2954367, at *4 (S.D.N.Y. July 26, 2022) (holding that plaintiff failed to state an access-to-the courts claim where plaintiff did not "identify the nature of the 'nonfrivolous,' 'arguable' underlying claim" he was pursuing).[11] Plaintiff similarly does not identify "any actual denial of legal rights . . . based on the asserted constitutionally deficient legal resources."[12] Swinton v. Livingston Cnty., No. 21-CV-1434, 2023 WL 2317838, at *3 (2d Cir. Mar. 2, 2023) (citation omitted); see also Black v. Kurtz, No. 16-CV-3941, 2016 WL 4536869, at *1 (E.D.N.Y. Aug. 30, 2016) (dismissing access-to-the-courts claim where plaintiff "failed to demonstrate that he was in any way prejudiced in his criminal case").

Second, to the extent that plaintiff asserts that his actual injury is his guilty plea and sentence, his claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that to recover damages under 42 U.S.C. § 1983 for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a plaintiff must "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." Id.

---

[11] The Clerk of Court is respectfully directed to send plaintiff the attached copies of the unreported cases cited herein.
[12] Plaintiff's allegation that he was denied the two hours per day of law library services required by the New York City Board of Correction's Minimum Standards does not state an actual injury for purposes of plaintiff's Section 1983 claim. 23-CV-2650, ECF No. 1 at 3. "Although the Second Circuit does not appear to have ruled on the issue, district courts in this Circuit consistently have found that [the Board of Correction's] Minimum Standards do not, standing alone, establish a violation of a federally guaranteed right for purposes of Section 1983." Williams v. City of New York, No. 21-CV-1083, 2022 WL 21828497, at *10 (S.D.N.Y. Aug. 5, 2022). As such, "violation[s] of the Minimum Standards in and of themselves do not establish the basis for the deprivation of Constitutional right." Id.

9

Plaintiff alleges that as a result of being denied access to the law library, he was unable to "make [a] valid plea." 24-CV-637, ECF No. 1 at 2. Plaintiff asserts that he would not have pled guilty if he had been able to visit the law library. See id. at 4 ("DOC's failure to produce me to [the] law library was inimical due to the fact [that] it forced me to take a plea deal I wouldn't have taken had I been permitted to adequately prepare for my defense and view my discovery in which I could make a thoughtful decision on whether or not I wanted a plea."). A judgment in plaintiff's favor "would necessarily imply the invalidity of his conviction or sentence" by calling into question whether his plea was knowing, intelligent, and voluntary. Heck, 512 U.S. at 487. Plaintiff does not allege that his conviction or sentence have been invalidated. As such, to the extent that plaintiff claims that his actual injury is his guilty plea and sentence, his access-to-the-courts claim is barred by Heck. See Guarneri v. West, 782 F. Supp. 2d 51, 58 (W.D.N.Y. 2011), aff'd, 495 F. App'x 142 (2d Cir. 2012) ("Inculpatory statements made in connection with [a guilty] plea are entitled to a strong presumption of truth in further proceedings . . . and Courts will not thereafter assume that the plaintiff could have obtained a more favorable result . . . 'had the shelves of the jail law library been better stocked.'") (internal citation omitted); Speaks, 2022 WL 541767, at *6 ("[B]ecause plaintiff's conviction has not been invalidated, his right to access the courts claim is barred by Heck."); Gilmore v. Smith, No. 17-CV-1349, 2019 WL 3948074, at *7-8 (N.D.N.Y. July 22, 2019) (holding that plaintiff's access-to-the-courts claim is barred because "any judgment finding Plaintiff's First Amendment right to access the courts was violated would necessarily call into question the state court proceedings that rendered and affirmed his conviction").[13]

---

[13] Plaintiff also states that he was "subjected to contracting the deadly Covid-19 virus" twice; that his family "wast[ed] funds on commissary, lawyers, and various other expenses"; and that his conviction and sentence have strained his relationship with his children and wife. 24-CV-637, ECF No. 1 at 5; ECF No. 6 at 3, 4. While the Court is sympathetic that plaintiff was in custody on Rikers Island during the pandemic, these allegations do not bear upon plaintiff's ability to pursue a legal claim or defense, and thus do not demonstrate actual injury for purposes of his access-to-the-courts claim. See Monsky v. Moraghan, 127 F. 3d 243 (2d Cir. 1997) (explaining that emotional distress "might be [a] consequential damages component of a section 1983 claim in which actual injury to court access was sufficiently

Finally, while plaintiff does not state whether he was represented by counsel in his underlying criminal case—aside from referencing the Sixth Amendment right to adequate representation and funds "wast[ed]" on lawyers, 24-CV-637, ECF No. 1 at 4-5—the Court takes judicial notice of the New York Unified Court System's database, which reflects that plaintiff was represented by counsel in his state criminal prosecution.[14] See Giraldo v. Kessler, 694 F.3d 161, 164 (2d Cir. 2012) (noting that the Court may "take judicial notice of relevant matters of public record"). Law libraries are not the only method of assuring meaningful access to the courts; "the appointment of counsel can [also] be a valid means of fully satisfying a state's constitutional obligation to provide prisoners, including pretrial detainees, with access to the courts" consistent with their constitutional rights to due process and equal protection. Bourdon, 386 F.3d at 94. As such, "[i]f an inmate is provided with legal counsel, the inmate is given a 'reasonably adequate opportunity' to present his claim and there is no violation of constitutional magnitude." Perez v. Metro. Corr. Ctr. Warden, 5 F. Supp. 2d 208, 211 (S.D.N.Y. 1998), aff'd sub nom. Perez v. Metro. Corr. Ctr.'s Warden, 181 F.3d 83 (2d Cir. 1999) (quotation omitted) (collecting cases). "[W]hen a prisoner with appointed counsel claims that he was hindered by prison officials in his efforts to defend himself or pursue other relevant legal claims, he must show that, on the facts of his case, the provision of counsel did not furnish him with the capability of bringing his challenges before the courts." Bourdon, 386 F.3d at 98.

---

alleged" but that it is "not the type of actual injury that gives rise to a constitutional claim of denial of access to the courts").

[14] On the same date that plaintiff filed his complaint in 24-CV-637, he also filed a petition for a writ of *habeas corpus*. See Noble v. Warden John/Jane Doe, 24-CV-633(RPK)(LB). In his petition, plaintiff alleges that he was convicted in Kings County Supreme Court on April 21, 2023 under docket number 03318-18/010. ECF No. 1 at 1. The New York Unified Court System's "Webcrims" database reflects that plaintiff was represented by counsel in that case. See https://iapps.courts.state.ny.us/webcrim_attorney/DefendantSearch (last accessed July 17, 2024).

Plaintiff does not "state any facts suggesting that he lacked access to his criminal defense attorney, who on Plaintiff's behalf, is capable of pursuing any meritorious claim," Pena-Sanchez, 2022 WL 2954367, at *4. Plaintiff also fails to show that the library closures "impacted his defense of the criminal charges against him" despite having a lawyer. Williams v. City of New York, No. 21-CV-1083, 2022 WL 21828497, at *21 (S.D.N.Y. Aug. 5, 2022); see also Bourdon, 386 F.3d at 99 ("[T]he fact that Bourdon was represented by counsel—professional legal assistance provided at the government's expense—and that Bourdon has not demonstrated that he was hindered from pursuing a particular legal claim, established constitutionally acceptable access to the courts.").

As such, plaintiff does not allege an actual injury from the law library closures and defendants' motion to dismiss should be granted.

**II.  Failure to allege personal involvement**

To state a claim for a civil rights violation under 42 U.S.C. § 1983, a plaintiff must allege (1) that the challenged conduct was committed by a person acting under color of state law and (2) that such conduct "deprived [plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). A plaintiff claiming his civil rights were violated must allege which individuals violated his rights and how each person did so, and may not "rely on a group pleading against all defendants without making specific individual factual allegations." Spring v. Allegany-Limestone Cent. Sch. Dist., 138 F. Supp. 3d 282, 293 (W.D.N.Y. 2015), aff'd in part, vacated in part, remanded, 655 F. App'x 25 (2d Cir. 2016); see also Ying Li v. City of New York, 246 F. Supp. 3d 578, 598 (E.D.N.Y. 2017) ("Pleadings that do not differentiate which defendant was involved in the unlawful conduct are insufficient to state a claim."). Instead, a plaintiff must allege how "each Government-official defendant, through the official's own

12

individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); see also Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (quoting Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)).

Plaintiff names six individual defendants—Wardens, Deputy Wardens, Assistant Deputy Wardens, and a Captain on Rikers Island—in the caption of his complaints. Plaintiff alleges that Captain Batchelor "is in charge of program attendance and escorts" and that detainees "cannot attend or participate without her consent or her sending escorts." 24-CV-637, ECF No. 6 at 3. Beyond alleging her general job responsibilities, plaintiff does not state what Captain Batchelor did or failed to do that violated plaintiff's constitutional rights.

Plaintiff alleges that the remaining defendants "are in charge of administration, operations, programs, and security, all of which oversee and authorize movement and control of the facility," and that their "lack of adequate supervision enabled Captain Batchelor" to deny plaintiff access to the law library. Id. at 3-4. These general allegations are insufficient to allege defendants' personal involvement in the claimed constitutional violations. To establish personal involvement of a supervisor based on a failure to supervise theory, a plaintiff must allege that the supervisor "has 'actual or constructive notice of unconstitutional practices and demonstrates gross negligence or deliberate indifference by failing to act.'" Rahman v. Fisher, 607 F. Supp. 2d 580, 585 (S.D.N.Y. 2009) (citing Meriwether v. Coughlin, 879 F.2d 1037, 1048 (2d Cir. 1989)). To do so, a plaintiff may allege that the supervisor:

> (1) directly participated in the violation, (2) failed to remedy the violation after being informed of it by report or appeal, (3) created a policy or custom under which the violation occurred, (4) was grossly negligent in supervising subordinates who committed the violation, or (5) was deliberately indifferent to the rights of others by failing to act on information that constitutional rights were being violated.

Id. (citing Iqbal v. Hasty, 490 F.3d 143, 152–153 (2d Cir. 2007)). Plaintiff states that defendants failed to adequately supervise Captain Batchelor but does not provide a factual basis for that assertion. See Dunham v. City of New York, 295 F. Supp. 3d 319, 331 (S.D.N.Y. 2018) (finding plaintiff's "bare allegation that [defendant] is liable for failing to supervise his subordinates" to be insufficient to state a claim and collecting cases). Even if plaintiff had alleged an actual injury, plaintiff fails to allege defendants' personal involvement in the violation of his constitutional rights, and therefore defendants' motion to dismiss should be granted.

### III. State law claims

Plaintiff does not explicitly raise state law claims. However, in his request for relief, plaintiff states that he seeks damages due to defendants' "negligence." 23-CV-2650, ECF No. 1 at 6. Liberally construing *pro se* plaintiff's complaint to raise a state law negligence claim, the Court should decline to exercise supplemental jurisdiction over that claim because plaintiff has not established a claim under 42 U.S.C. § 1983.[15] "A district court usually should decline the exercise of supplemental jurisdiction when all federal claims have been dismissed at the pleading stage." Denney v. Deutsche Bank AG, 443 F.3d 253, 266 (2d Cir. 2006) (citation omitted); see also Valencia v. Lee, 316 F.3d 299, 306 (2d Cir. 2003) ("[W]here the federal claims had been dismissed at a relatively early stage and the remaining claims involved issues of state law that were unsettled, we have concluded that the exercise of supplemental or pendent jurisdiction was an abuse of

---

[15] In addition to failing to allege facts specific to any defendant, plaintiff does not allege that he timely filed a notice of claim—a statutory prerequisite to a negligence claim against the City of New York or its employees acting within the scope of their employment. See N.Y. Gen. Municipal Law §50-e; Cody v. County of Nassau, 577 F. Supp. 2d 623, 646-47 (E.D.N.Y. 2008) (noting that a notice of claim is a "'condition precedent' to commencing a tort action against New York municipalities or any of their officers, agents, or employees"). A plaintiff must file a notice of claim within ninety days after the claim arises—a requirement that is "strictly construed." Cody, 577 F. Supp. 2d at 646-47. Plaintiff provides a notice of claim addressed to the Office of the New York City Comptroller regarding his denied requests to access the law library "between the months [of] March 2020-April 2023." 24-CV-637, ECF No. 6 at 10. Plaintiff does not allege when he filed the notice of claim; however, defendant argues and the Court notes that the notice is dated December 14, 2023—over seven months after the last day of the alleged law library closures. ECF No. 33 at 23-24. As I recommend dismissal of plaintiff's state law claims without prejudice, the Court need not reach this issue.

discretion."). As such, the Court should grant defendants' motion to dismiss any state law claims without prejudice.

### IV. Leave to amend

"Ordinarily, *pro se* plaintiffs are granted opportunities to amend their complaints freely, however, courts need not afford plaintiffs an opportunity to amend where it is clear that any attempt to amend the complaint would be futile." Kimmel v. New York State Assembly, No. 20-CV-1074, 2020 WL 6273975, at *3 (E.D.N.Y. Oct. 26, 2020) (citing Cruz v. Gomez, 202 F.3d 593, 597–98 (2d Cir. 2000)).

Here, plaintiff was explicitly informed of the deficiencies in his complaint in 23-CV-2650 and was afforded an opportunity to amend his complaint to cure the deficiencies in his pleadings. Plaintiff did not amend his complaint, but instead filed a new action, 24-CV-637. Plaintiff's pleadings in that action did not cure the deficiencies. Under these circumstances, the Court need not afford plaintiff another chance to amend. See, e.g., Harris v. Westchester Cnty. Med. Ctr., No. 08-CV-1128, 2011 WL 2637429, at *4 (S.D.N.Y. July 6, 2011) (dismissing *pro se* plaintiff's action without leave to amend where plaintiff had "already amended his complaint three times after being informed of the deficiencies in his original complaint").

## CONCLUSION

Law library access is important, especially for detainees. The Court does not condone Rikers Island's closures of the law library as alleged in plaintiff's complaints. However, plaintiff fails to state a claim for a violation of his constitutional rights. Accordingly, it is respectfully recommended that defendants' motion to dismiss should be granted. Liberally construing the complaints to include possible state law claims, plaintiff's state law claims should be dismissed without prejudice.

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

                                                              /S/
                                             LOIS BLOOM
                                             United States Magistrate Judge

Dated: July 29, 2024
       Brooklyn, New York